PIERCE, Justice,
for the Court:
¶ 1. Carey Jason Witten was convicted in Sacramento County, California, of oral copulation and rape of a person “... unconscious of the nature of the act ... ” in violation of California Penal Code Sections 261(a)(4) and 288(a)(f). Upon his conviction, Witten was granted five years’ probation, and he received an order of dismissal *626 after successful completion of his probation, pursuant to California Penal Code Section 1203.4.[1] The dismissal order that was entered in California regarding Wit-ten’s conviction, pursuant to Section 1203.4, states the following:
This Order does not relieve the subject of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by State or local agency, for contracting with the California State Lottery. Dismissal pursuant to this Section does not permit a person to own, possess or have custody or control of any firearm, or prevent conviction under Section 12021 of the Penal code.
On October 2, 1996, Carey Jason Witten was granted 5 years probation upon conviction of violation of Section 288a (f) PC and 261(a)(4) PC [sic].
Good cause appearing and the court being fully advised, it is now ordered that a plea of not guilty be entered herein/the verdict of guilty be set aside and that the accusatory pleading in this cause be, and same is hereby dismissed pursuant to section 1203.4 of the Penal Code.
¶ 2. Witten has since relocated to Mississippi and filed a petition for relief from the duty to register in the Circuit Court of Adams County, Mississippi, pursuant to Mississippi Code Section 45-33-47(4).[2] At the hearing on the matter, Witten argued that his order of dismissal from California satisfied the requirements of Mississippi Code Section 45-33-47(4), such that Wit-ten should be relieved of the duty to register as a sex offender in Mississippi. The assistant district attorney agreed with Wit-ten, stating that his research of California *627 Penal Code Section 1203.4 led him to believe that dismissals pursuant to this section resulted in the expungement of the defendant’s record in California. The State communicated that it also believed that Witten’s dismissal order met the requirements of a dismissal or set aside conviction, as is specified in Mississippi Code Section 45-33-47(4), thus Witten should be relieved of the duty to register. The trial court agreed and subsequently entered an order relieving Witten of the duty to register as a sex offender in Mississippi.
¶ 3. R. Steven Coleman, on behalf of the Mississippi Department of Public Safety, Criminal Information Center, Sex Offenders Registry, filed a Mississippi Rule of Civil Procedure 60(b) motion to set aside and render as void the trial court’s order relieving Witten of the duty to register, based on Mississippi and California statutes that were not presented to the trial court at the hearing and that have bearing on whether or not Witten must register as a sex offender. The motion was heard by the trial court, and the trial court ultimately granted the motion to set aside and render as void the earlier judgment.
¶ 4. Witten now appeals to this Court for a determination on the following issues:
I. Whether the Adams County Circuit Court erred as a matter of law in its utter disregard for the plain wording and meaning of Mississippi Code Section 45-33-23 by ignoring the legislative pronouncement, as applicable to this action, that there is not a “conviction,” in as much as no “determination of judgment of guilt” for a sexual offense against the Appellant, since any prior adjudication by the Superior Court of California, County of Sacramento, has been “set aside” and “dismissed.”
II. Whether the Adams County Circuit Court erred as a matter of law in its utter disregard for the plain wording and meaning of Mississippi Code Section 45-33-47(4) by ignoring the legislative pronouncement, as applicable to this action, that no person “will be required to [register] for any sexual offense conviction” where “the conviction is set aside in any post-conviction proceeding ... [or] the charge is dismissed. ...”
This Court affirms the trial court’s ruling, finding that Witten’s conviction has not been set aside or dismissed in accordance with Mississippi Code Section 45-33-47(4) and that Witten is required to continue registration as a sex offender in the State of Mississippi. Because we find that Wit-ten’s dismissal does not meet the requirements of Section 45-33-47(4), we will discuss the merits of only Issue II.
STANDARD OF REVIEW
¶ 5. The trial court’s ruling regarding a Rule 60(b) motion for relief is reviewed to determine whether the trial court abused its discretion. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984) (citing Clarke v. Burkle, 570 F.2d 824 (8th Cir.1'978)).
ANALYSIS
II. Whether the Adams County Circuit Court erred as a matter of law in its utter disregard for the plain wording and meaning of Mississippi Code Section 45-33-47(4) by ignoring the legislative pronouncement, as applicable to this action, that no person “will be required to [register] for any sexual offense conviction” where “the conviction is set aside in any post-conviction proceeding [or] the charge is dismissed.... ”
¶ 6. As previously mentioned, at the hearing on the Rule 60(b) motion for *628 relief, Coleman provided the trial court with additional California and Mississippi statutes that the trial court was not made aware of during the initial hearing. Coleman argued that, since Witten must register in the state of California, then he must register in the State of Mississippi. Mississippi Code Section 45-33-23(g) defines what constitutes a “registrable offense” in the State of Mississippi. Miss.Code Ann. § 45-33-23(g) (Supp.2013). Mississippi Code Section 45-33-23(g)(xix) specifically states that any offense that requires registration in the jurisdiction where the conviction occurred qualifies as a registrable offense in Mississippi. Miss.Code Ann. § 45-33-23(g)(xix) (Supp.2013).[3]
¶ 7. California Penal Code Section 290.007 states, “Any person required to register pursuant to any provision of the Act shall register in accordance with the Act, regardless of whether the person’s conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5.” Cal. [Duty to register regardless of dismissal under Section 1203.4 of the Penal Code] Code § 290.007 (2007).
¶ 8. This Court may endeavor only to interpret the laws of the State of Mississippi. Stallworth v. Miss. Dep’t of Pub. Safety, 986 So.2d 259, 265 (Miss.2008); see generally Holland v. State, 587 So.2d 848, 874 (Miss.1991) (stating, “Where as here the conviction occurred in a sister state, this Court does not look to how that state characterizes the question of whether the crime was one of violence, rather, the analysis must be done under Mississippi law”). According to Mississippi Code Section 45-33-23(g)(xix), if Witten is required to register in California, where the conviction occurred, then his continued registration in California constitutes a “registrable offense” in Mississippi. Miss.Code Ann. § 45-33-23(g)(xix) (Supp.2013). Witten has failed to provide any evidence or argument to support that he is not required to register in the State of California, and the record lacks any indication that he has received a certificate of rehabilitation in California.[4] Cal. [Duty to register regardless of dismissal under Section 1203.4 of the Penal Code] Code § 290.007 (2007). Based on the record before us, Witten’s conviction is a “registrable offense” in the State of Mississippi. Miss.Code Ann. § 45-33-23(g)(xix) (Supp.2013).
¶ 9. Witten argues that the language of the dismissal, pursuant to California Penal Code Section 1203.4, meets two of the requirements of Mississippi Code Section 45-33-47(4), because his conviction was set aside and dismissed. Miss.Code Ann. § 45-33^47(4) (Rev. 2011). Black’s Law Dictionary defines “set aside” to mean that the judgment was annulled or vacated. Black’s Law Dictionary 955 (6th ed. 1991). Black’s Law Dictionary defines “dismiss” as to send away or terminate, especially prior to trial. Black’s Law Dictionary 955 (6th ed. 1991). The dismissal order that *629 Witten received in California is limited to the extent that California Penal Code Section 1208.4 specifically states the following regarding a dismissal pursuant to that section:
However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.
Cal. [Discharged petitioner] Code § 1203.4 (2014).
¶ 10. In U.S. v. Anderson, the United States District Court for the Southern District of Mississippi concluded that a defendant’s dismissal under California Penal Code Section 1203.4 did not serve to preclude the use of his California conviction in his criminal-history calculation when being sentenced pursuant to the United States Sentencing Guidelines. U.S. v. Anderson, No. 5:06CV10DCB, No. 5:03cr24DCB, 2006 WL 3511441, *2-3 (December 5, 2006). The district court stated:
As previously noted, the California court set aside and dismissed the petitioner’s conviction as a unique function of California law. The conviction was not expunged, nor was there a finding of innocence or an error of law....
Id. We agree with the district court’s statement that the Section 1203.4 dismissal order is a unique function of California law. Id. Witten must disclose his conviction on any questionnaire or application for public office, or to receive licensure, or for contracting with the state’s lottery. Cal. [Discharged petitioner] Code § 1203.4 (2014). California caselaw verifies that Penal Code Section 1203.4 is a unique function of California law, as it reinstates only certain civil rights to the individual and provides relief from further punishment but not from nonpenal restrictions. People v. Vasquez, 25 Cal.4th 1225, 1230, 25 P.3d 1090, 108 Cal.Rptr.2d 610, 613 (2001).
¶ 11. We find that Witten’s dismissal pursuant to Section 1203.4 of California’s penal code does not fulfill the intent of the language specified in Mississippi Code Section 45-33-47(4). Miss.Code Ann. § 45-33-47(4) (Rev. 2011). Further, Witten has failed to provide any evidence to support that he is no longer required to register in California. Therefore, his conviction constitutes a “registrable offense” in the State of Mississippi. Miss.Code Ann. § 45-33-23(g)(xix) (Supp.2013). Mississippi Code Section 45-33-21 states,
Persons found to have committed a sex offense have a reduced expectation of privacy because of the public’s interest in safety and in the effective operation of government. In balancing offenders’ due process and other rights, and the interests of public security, the Legislature finds that releasing such information about criminal sex offenders to the general public will further the primary governmental interest of protecting vulnerable populations and, in some instances the public, from potential harm.
Stallworth, 986 So.2d at 265 (citing Miss. Code Ann. § 45-33-21 (Rev. 2011)). Accordingly, Witten’s continued registration in the State of Mississippi “... fulfills the spirit and intent of the Legislature in creating the Mississippi Sex Offender Registration Laws.” Stallworth, 986 So.2d at 264.
*630 CONCLUSION
¶ 12. The trial court did not abuse its discretion in granting the motion to set aside and render as void the earlier judgment, which relieved Witten of the duty to register, after considering pertinent Mississippi and California statutes that were not presented to the trial court during the initial hearing. Therefore, we find that Witten is required to register as a sex offender in the State of Mississippi, and we affirm the decision of the circuit court of Adams County.
¶ 13. AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., AND LAMAR, J., CONCUR.
COLEMAN, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., CHANDLER AND KING, JJ.

. According to California law:
In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.... However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.
Cal. [Discharged petitioner] Code § 1203.4 (2014).

. Under Mississippi law;
The offender will be required to continue registration for any sex offense conviction unless the conviction is set aside in any post-conviction proceeding, the offender receives a pardon, the charge is dismissed or the offender has received a court order pursuant to this section relieving him of the duty to register. Upon submission of the appropriate documentation to the department of one (1) of these occurrences, registration duties will be discontinued.
Miss. Code Ann. § 45-33-47(4) (Rev. 2011).

. Effective from and after Jan. 1, 2014, this provision has been renumbered Miss.Code Ann. § 45-33-23(h)(xx) (Supp.2013).

. Contrary to the dissent's opinion otherwise, this argument is not grounded on a mere assumption. Mississippi Code Section 45-33-23(g)(xx) clearly requires individuals registered as sex offenders in other states also to register as sex offenders in our state. This Court makes determinations from the record that is provided for its consideration. The contents of the record indicate that Witten is required to register in California. The dissent rewards Witten’s failure to present any documentation evidencing that he is not required to register in California. It is Witten’s burden to demonstrate that he is no longer a registered sex offender in California, and Witten failed to submit any argument or evidence, or otherwise to support that premise.