DICKINSON, Presiding Justice,
for the Court:
¶ 1. The narrow question presented is whether the expungement of a misdemean- or, fourth-degree, sexual-offense conviction in another state by the court that entered the conviction entitles the petitioner to relief from his duty to register as a sex offender in Mississippi. The Hinds County Circuit Court denied the requested relief. But, because expungement of a conviction requires the courts to “restore one to the status occupied prior thereto,”[1] we reverse.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2001, Stallworth was indicted in Prince George County, Maryland, for several sexual offenses. In March 2002, Stall-worth pleaded guilty to one misdemeanor count of sexual offense in the fourth degree, for which he received a suspended sentence and probation. When Stallworth returned to Mississippi, he was required to register as a sex offender.
¶ 3. On February 4, 2010, the Prince George County District Court expunged Stallworth’s misdemeanor conviction. In December 2012, Stallworth petitioned the Hinds County Circuit Court for relief from the duty to register as a sex offender under Mississippi Code Section 45-33-47. Stallworth attached a certified copy of a “Certificate of Compliance” from the Maryland court with his petition, which “indicated that the above referenced case ha[d] been expunged from the office of the sheriffs files.”
¶ 4. After filing his petition, counsel for Stallworth met in chambers with the Hinds County district attorney and the circuit judge. The district attorney conceded that Stallworth had no conviction requiring him to continue to register as a sex offender. Despite Stallworth’s petition being unopposed, the trial judge denied the petition, so Stallworth appealed.
ANALYSIS
¶ 5. Stallworth raises two issues on appeal. First, he argues that the trial judge erred in denying his petition for relief from the duty to register as a sex offender because, after his expungement, he no longer stands convicted of any sex offense. And second, Stallworth argues that the trial court’s order violated the Full Faith and Credit Clause of the United States Constitution. Because we find that the effect of the expungement relieves Stall-worth of his duty to register under the statute, we need not consider the Full Faith and Credit Clause issue.
*1163 ¶ 6. Under Mississippi law, an ex-pungement removes “all records relating to an arrest, indictment, trial, and finding of guilt, in order to restore one to the status occupied prior thereto....” [2] At the moment Stallworth’s Maryland conviction was expunged, the law provides that he was restored to the status he had occupied before he was convicted, which means that — in the eyes of the law — he had no conviction. And before Stallworth was convicted, he had no duty to register as a sex offender.[3] So if we are to follow the law and recognize that Stallworth has been returned to that status, then we must find that he has no present duty to register as a sex offender.
¶ 7. We find no merit in Justice Randolph’s view that Stallworth’s appeal is barred by res judicata. In Stallworth v. Mississippi Department of Public Safety, this Court held that Stallworth’s guilty plea was a conviction requiring him to register as a sex offender and that Maryland’s misdemeanor sexual offense in the fourth degree was a registerable offense under our registry statute.[4]
¶ 8. In Stallworth I, we were not asked to decide what effect Stallworth’s expungement had on his duty to register. At that time, his guiliy plea had not yet been expunged. This is an entirely new issue and, as such, is not procedurally barred. In fact, Stallworth’s claim assumes that Stallworth I was correctly decided. At the time we decided Stallworth I, Stallworth had a duty to register. But, after he obtained the expungement, that duty disappeared, and he was within his rights to petition the court for relief.
¶ 9. Justice Randolph also argues that “[w]e are not bound by the laws of another state when interpreting the laws of this state.”[5] While this very well may be true, our decision today does not rest on the law of another state. Instead, we find that Mississippi law on the effect of an ex-pungement, as skillfully articulated by Justice Pierce in Polk, relieves Stallworth from the duty to register that he had before the expungement. Justice Randolph would have us recognize Maryland’s laws for purposes of finding a conviction but ignore them for purposes of the ex-pungement.
¶ 10. And although we agree with Justice Pierce’s excellent analysis of the effect of expungements, we do not agree that Stallworth’s expungement has no effect on his continuing duty to register. As stated above, the expungement returned Stall-worth to his status before he was convicted, not his status before the conduct occurred. Engaging in criminal conduct does not require one to register as a sex offender. That duty arises only after a conviction.[6] So returning Stallworth to *1164 the status he occupied prior to the conviction must eliminate his duty to register.
¶ 11. Finally, we find no merit in the dissents’ reliance on Mississippi Code Section 45-33-55,[7] which provides that:
Except for juvenile criminal history information that has been sealed by order of the court, this chapter exempts sex offenses from laws of this state or court orders authorizing the destroying, expunging, purging or sealing of criminal history records to the extent such information is authorized for dissemination under this chapter.
¶ 12. This statute says nothing about an order that expunges a conviction. Rather, it speaks to laws and orders affecting the maintenance of criminal history records. We decline to stretch this document-management, record-keeping statute beyond its provisions. It simply has no application in this case.
CONCLUSION
¶ 13. When Stallworth’s conviction was expunged, he was returned to the status he occupied before his conviction. And because he had no duty register as a sex offender before he was convicted, the ex-pungement relieved him of any further duty to register. We reverse the trial court’s denial of Stallworth’s petition and we remand this matter to the trial court for entry of judgment consistent with this opinion.
¶ 14. REVERSED AND REMANDED.
LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., PIERCE, J., JOINS THIS OPINION IN PART. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND RANDOLPH, P.J.

. Polk v. State, 150 So.3d 967, 970 (Miss.2014).

. Polk, 150 So.3d at 970; see also Black’s Law Dictionary 662 (9th ed. 2009) (‘‘[E]x-pungement of record: [t]he removal of a conviction (esp. for a first pífense) from a person's criminal record.”).

. See Miss.Code Ann. § 45-33-23(h)(xx) (Supp.2014) (“ ‘Sex offense’ or 'registrable offense’ means any of the following offenses: ... Any other offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere -”) (emphasis added).

. Stallworth v. Miss. Dep’t of Public Safety, 986 So.2d 259, 262-265 (Miss.2008).

. Randolph Dis. Op. ¶ 29.

. Miss.Code Ann. § 45-33-23(h)(xx) (" ‘Sex offense’ or 'registrable offense’ means ... Any. other offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere _”) (emphasis added).

. We note that neither the appellant nor the appellee raised this statute in his brief to this Court. See Randolph Dis. Op. ¶ 27. Only after oral argument did the Attorney General's Office bring this statute to the Court’s attention — with no analysis — in a supplemental citation. So we address the statute only because the dissents think it applies.