# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00912-COA

**CHELSEY FERGUSON**                                                                       **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF PUBLIC**                                           **APPELLEE**
**SAFETY**

DATE OF JUDGMENT:                     03/03/2017
TRIAL JUDGE:                          HON. ISADORE W. PATRICK JR.
COURT FROM WHICH APPEALED:            WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:               PAUL E. ROGERS
ATTORNEYS FOR APPELLEE:               ANTHONY LOUIS SCHMIDT JR.
                                      LORA ELIZABETH HUNTER
NATURE OF THE CASE:                   CIVIL - OTHER
DISPOSITION:                          REVERSED AND RENDERED - 09/25/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Although the Warren County Circuit Court had previously granted Chelsey Ferguson's petition to expunge her misdemeanor sex offense, it denied her subsequent petition for relief from the duty to register as a sex offender. Ferguson appeals and argues that (1) the Mississippi Department of Public Safety had no authority to challenge her petition for relief; and (2) the circuit court's decision conflicts with the Mississippi Supreme Court's opinion in *Stallworth v. State*, 160 So. 3d 1161, 1164 (¶13) (Miss. 2015), which provides that the expungement of a registrable offense returns one to her pre-conviction status. We agree with the latter assertion. Because Ferguson did not have to register as a sex offender before her

conviction, she does not have to register after the expungement. *Id.* Accordingly, we reverse the circuit court's judgment and render a judgment in Ferguson's favor.

## FACTS AND PROCEDURAL HISTORY

¶2. In May 2011, Ferguson pled guilty to the misdemeanor offense of disseminating sexually oriented material to a minor. The circuit court gave Ferguson the maximum possible sentence: one year in the county jail. Miss. Code Ann. § 97-5-27(1) (Rev. 2014). But the circuit court suspended all of Ferguson's sentence and placed her on probation for a year. As a result of her conviction, Ferguson had to register as a sex offender. Miss. Code Ann. § 45-33-23(h)(vii) (Rev. 2015).

¶3. Approximately five years later, she filed a successful expungement petition. After the expungement, the Mississippi Department of Public Safety Criminal Information Center (MDPS) sent Ferguson's attorney an "Expunction Resolution Notice," stating that MDPS could not process the expungement order because Ferguson's conviction could not be expunged. Thus, MDPS refused Ferguson's request for relief from her prior obligation to register as a sex offender.

¶4. Ferguson responded by filing the complaint that has led to this appeal. She named MDPS as the sole defendant. After a hearing, the circuit court entered an order stating that Ferguson "fail[ed] to state an actionable claim upon which relief can be granted . . . ." In other words, the circuit court held that Ferguson's expungement did not relieve her of the obligation to register as a sex offender. Following her unsuccessful post-trial motion,

2

Ferguson appeals. She argues (1) MDPS had no authority to challenge her request for relief from the obligation to register as a sex offender; and (2) the circuit court erred when it effectively held that she still had to register despite the expungement of her misdemeanor conviction.

**ANALYSIS**

### I. MDPS could participate in Ferguson's case.

¶5. Framing the issue as though it pertains to standing, Ferguson essentially argues that MDPS had no authority to contest her complaint for relief from the duty to register as a sex offender. Her position is based on Mississippi Code Annotated section 45-33-47(3) (Rev. 2015), which provides:

> The district attorney in the circuit in which the petition is filed must be given notice of the petition at least three (3) weeks before the hearing on the matter. The district attorney may present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied.

Thus, Ferguson reasons that district attorneys—not MDPS—must represent the government's interests when someone petitions for relief from the duty to register as a sex offender.

¶6. According to counsel for Ferguson, MDPS only participated in the case at the circuit judge's request. In her opening brief, Ferguson says that the circuit judge "directed" that her attorney send MDPS notice of her complaint. During the hearing on Ferguson's complaint, the circuit judge said that he had personally asked MDPS to send a representative to the hearing and "argue the position of that entity against the removing of Ms. Ferguson from the register." But it is understandable that the circuit judge would expect Ferguson to provide

3

MDPS with notice of her claim. MDPS was the only named defendant in the complaint that Ferguson filed in response to MDPS's position that she had to continue registering as a sex offender despite the expungement of her conviction.

¶7. The Supreme Court has implicitly upheld MDPS's intervention and participation in similar litigation. *See Witten v. State ex rel. Miss. Dep't of Pub. Safety and Criminal Information Ctr., Sex Offenders Registry*, 145 So. 3d 625, 627-30 (¶¶3-12) (Miss. 2014). In that case, Carey Jason Witten argued that because his California conviction for "oral copulation and rape of a person unconscious of the nature of the act" had been dismissed after he successfully completed his probation, he should not have to register as a sex offender in Mississippi. *Id*. at 625-26 (¶¶1-2) (internal quotation mark omitted). Initially, the circuit court agreed. *Id*. at 627 (¶2). But MDPS later intervened and filed a successful post-trial motion to set aside the circuit court's judgment. *Id*. at (¶3). On appeal, the Supreme Court upheld the circuit court's decision that Witten was not entitled to relief from his duty to register as a sex offender. *Id*. at 630 (¶12).

¶8. We are not persuaded by Ferguson's argument that the only named defendant in her complaint had no interest in the case. In a very real sense, Ferguson's complaint was a request for declaratory relief intended to compel MDPS that she no longer had to register. *See* M.R.C.P. 57(1). To the extent that the participation of the only named defendant could ever be called a permissive joinder issue, *see* M.R.C.P. 20(a), the circuit court did not abuse

4

its discretion when it allowed MDPS to participate in Ferguson's case.[1] *See City of Jackson v. Allen*, 242 So. 3d 8, 13-14 (¶19) (Miss. 2018) ("Our standard of review for joinder issues is abuse of discretion."). This issue is meritless.

## II. Ferguson no longer has to register as a sex offender.

¶9. Citing the Supreme Court's decision in *Stallworth*, Ferguson argues that she should be relieved of the duty to register as a sex offender because her conviction has been expunged. The petitioner in *Stallworth* had been convicted of a misdemeanor sex offense in Maryland, and he received a suspended sentence and probation. *Id*. at 1162 (¶2). A Maryland court later granted his request to expunge that conviction. *Id*. at (¶3). Having moved to Mississippi, the petitioner unsuccessfully sought relief from the duty to register as a sex offender. *Id*. The Supreme Court held that the expungement of an offense restored the petitioner to his pre-conviction status, and because he did not have a duty to register before the conviction, "the expungement relieved [the petitioner] of any further duty to register." *Id*. at 1164 (¶13).

¶10. MDPS primarily argues that Ferguson's conviction was not expungable. But the legality of Ferguson's expungement is not before this Court. MDPS was aware of Ferguson's expungement before the deadline to appeal lapsed.[2] *See* M.R.A.P. 4(a). Even

---

[1] This opinion should not be interpreted to mean that MDPS must always be made a party to proceedings involving a petition for registration relief.

[2] The expungement order was entered on June 27, 2016. On July 15, 2016, MDPS sent the "Expunction Resolution Notice" to Ferguson's attorney and stated that the expungement could not be processed because her conviction was not expungable.

5

so, MDPS did not intervene and appeal Ferguson's expungement. Likewise, MDPS did not attempt to challenge Ferguson's expungement through a post-trial motion in that case, although it had done exactly that two years earlier in *Witten*. MDPS cites no authority that would allow it to collaterally attack Ferguson's expungement in the context of her complaint for relief from the duty to register as a sex offender. *See* M.R.A.P. 28(a)(7). As this Court recently noted:

> Collateral estoppel precludes parties from relitigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity. But it must never be seen as anything other than an unusual exception to the general rule that all fact questions should be litigated fully in each case. The doctrine precludes relitigating a specific issue[] [that] was: (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action.

*McCarty v. Wood*, 249 So. 3d 425, 434 (¶30) (Miss. Ct. App. 2018) (emphasis, citations, and internal quotation marks omitted). Without question, Ferguson's expungement was decided incident to her expungement petition. And although MDPS was not a party to the expungement action, "[t]here is privity between officers of the same government . . . ." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940). "The public interest in stability and repose is so paramount that collateral estoppel protects competent judgments [that] are subsequently thought to be erroneous." *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 642 (Miss. 1991). "Where the elements of estoppel have been satisfied, the court's inquiry is not whether the court's order was erroneous, but only that it was the final judgment of the case." *Id*. (internal quotation mark omitted). "Our law rebuffs subsequent attempts

6

to impeach or attack the initial judgment *even where . . . the substantive law was incorrectly decided and applied . . . .*" *Id*. (emphasis added). As mentioned above, MDPS had notice of Ferguson's expungement in time to challenge it in the context of that case, but MDPS neglected to do so. The doctrine of collateral estoppel precludes MDPS from challenging the expungement when Ferguson later petitioned for relief from the duty to register as a sex offender. As for MDPS's insistence that *Stallworth* should be overruled, this Court has no authority to do so.[3] *Competition Marine of MS Inc. v. Whitney Bank*, 220 So. 3d 1019, 1024 (¶15) (Miss. Ct. App. 2017) ("[T]his Court is not at liberty to overturn Mississippi Supreme Court precedent . . . .").

¶11. Our Supreme Court has unequivocally held that "Mississippi law on the effect of an expungement . . . relieves [one] from the duty to register that he had before the expungement." *Stallworth*, 160 So. 3d at 1163 (¶9). "[B]ecause [Ferguson] had no duty [to] register as a sex offender before [s]he was convicted, the expungement relieved [her] of any further duty to register." *Id*. at 1164 (¶13). It necessarily follows that the circuit court erred when it held that Ferguson's expungement did not relieve her of the obligation to register as a sex offender.

**CONCLUSION**

¶12. The circuit court erred when it denied Ferguson's request for relief from the duty to

---

[3] In all fairness, this appeal was unassigned when MDPS filed its responsive brief and argued that *Stallworth* should be overruled. In other words, MDPS did not attempt to argue that this Court has the authority to overrule the Supreme Court's decision.

register as a sex offender. Ferguson's misdemeanor conviction was expunged, and there was no appeal of that decision. Therefore, the propriety of Ferguson's expungement is not before us. The Supreme Court has held that an expungement returns an offender to her pre-conviction status. *Id*. Ferguson did not have to register as a sex offender before her misdemeanor conviction, so she does not have to register now that her conviction has been expunged. *See id*. Consequently, we reverse the circuit court's judgment and render a judgment relieving Ferguson of the obligation to continue registering as a sex offender.

¶13. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR. CARLTON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY TINDELL, J.**

**CARLTON, J., SPECIALLY CONCURRING:**

¶14. In adherence to Mississippi Supreme Court precedent, I concur in the result of the majority. However, I urge the supreme court to overrule *Stallworth v. State*, 160 So. 3d 1161 (Miss. 2015), and distinguish it from the instant case to affirm the circuit court's denial of Ferguson's petition for relief from the duty to register as a sex offender. In *Stallworth*, the supreme court dealt with an out-of-state conviction that was expunged by the state of Maryland. *Id*. at 1162 (¶3). Expungement is statutory in nature. *Hentz v. State*, 152 So. 3d 1139, 1142-43 (¶¶9-11) (Miss. 2014). We must therefore look to Mississippi statutory law to determine whether expungement relieves Ferguson of the duty to register as a sex offender. A review of Mississippi statutory law establishing registration requirements

8

reflects that expungement fails to relieve Ferguson of registration requirements. *See* Miss. Code Ann. § 45-33-23(a) (Rev. 2015).

¶15.  In this case, Ferguson was convicted in Mississippi for criminal violations of Mississippi statutory law for the offense of disseminating sexually oriented material to a minor.  Mississippi statutory law establishes that Ferguson is required to register as a sex offender because of her guilty plea.  Miss. Code Ann. § 45-33-25(1)(a) (Rev. 2015).  The statutory law in Mississippi requires registration for a conviction, *see* section 45-33-25(1)(a), which is defined as "a determination or judgment of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere regardless of whether adjudication is withheld."  Miss. Code Ann. § 45-33-23(a).

¶16.  The legislature set forth the following specific provisions that must be satisfied in order for the trial court to relieve a petitioner from the sex offender registration requirements:

> In determining whether to release an offender from the obligation to register, the court shall consider the nature of the registrable offense committed and the criminal and relevant noncriminal behavior of the petitioner both before and after conviction.  The court may relieve the offender of the duty to register only if the petitioner shows, by clear and convincing evidence, that the registrant properly maintained his registration as required by law and that future registration of the petitioner will not serve the purposes of this chapter and the court is otherwise satisfied that the petitioner is not a current or potential threat to public safety.

Miss. Code Ann. § 45-33-47(3) (Rev. 2015).  Section 45-33-47(3) fails to mention expungement as a means by which a petitioner may be relieved from the duty of registering as a sex offender.  "Our statutes make clear that sex offenses are not eligible for expunction."

9

*Stallworth*, 160 So. 3d at 1168 (¶30) (Randolph, J., dissenting) (citing Miss. Code Ann. § 45-33-55 (Rev. 2011)). "Expunction is not a condition listed by statute which would provide petitioner relief from continuing registration as a sex offender." *Id*. (citing Miss. Code Ann. § 45-33-47 (Rev. 2011)).

¶17.    Interpretation of a statute is a question of law and is reviewed de novo. *Natchez Hosp. Co. LLC v. Adams Cty. Bd. of Supervisors*, 238 So. 3d 1162, 1163 (¶4) (Miss. 2018). The goal of statutory construction is to determine and implement the legislative intent. *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 154 (¶12) (Miss. 2006). As stated, section 45-33-47(3) clearly sets forth factual findings that must be made by the court that serve to protect the public in order to grant relief from sex offender registration requirements. The legislature failed to list expungement as a provision of section 45-33-47(3); as a result, I urge the Mississippi Supreme Court to overrule *Stallworth* and affirm the circuit court's judgment denying Ferguson's petition for relief from the duty to register as a sex offender.

**TINDELL, J., JOINS THIS OPINION.**