# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CT-00912-SCT

*CHELSEY FERGUSON*

*v.*

*MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2017 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| TRIAL COURT ATTORNEYS: | PAUL E. ROGERS |
| | NIKKI MARTINSON BOLAND |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL E. ROGERS |
| ATTORNEYS FOR APPELLEE: | LORA E. HUNTER |
| | ANTHONY L. SCHMIDT |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 09/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. We granted the petition of the Mississippi Department of Public Safety (MDPS) for certiorari review of the Court of Appeals' decision that Chelsey Ferguson need no longer register under the Mississippi Sex Offenders Registration Law (the Act) due to the expungement of her misdemeanor sex offense. ***Ferguson v. Miss. Dep't of Pub. Safety***, No.

2017-CA-00912-COA, 2018 WL 4572805, at *3–4 (Miss. Ct. App. Sept. 25, 2018). Because Mississippi Code Section 45-33-55 (Rev. 2015) exempts sex offenses from orders of expungement *to the extent* that the information concerning those offenses is authorized for dissemination under the Act, we reverse the Court of Appeals' decision and reinstate the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY[1]

¶2.    In 2011, Ferguson pleaded guilty to the misdemeanor offense of disseminating sexually oriented material to a minor. Miss. Code Ann. § 97-5-27 (Rev. 2006). As a result of her conviction, Ferguson had to register as a sex offender. Miss. Code Ann. § 45-33-25 (Rev. 2015).

¶3.    Approximately five years later, she filed a successful expungement petition.[2] After the expungement, MDPS sent Ferguson's attorney an "Expunction Resolution Notice," stating that it could not process the expungement order because "ANY CONVICTION FOR A SEX OFFENSE EXEMPTS AN EXPUNGEMENT UNDER THE 1ST OFFENDER STATUTE." Thus, MDPS refused Ferguson's request for relief from her obligation to register as a sex offender.

¶4.    In response, Ferguson filed a complaint against MDPS, seeking to be relieved from her duty to register under the Act. The circuit court denied Ferguson's request.

---

[1] Much of the facts and procedural history of this case are adapted from the Court of Appeals' opinion. *Ferguson*, 2018 WL 4572805, at *1.

[2] We note that the validity of the expungement itself is not before the Court today.

¶5.    Aggrieved, Ferguson appealed.  After the close of briefing, we assigned the case to the Court of Appeals.  Ferguson raised two assignments of error.  First, she argued that MDPS had no authority to challenge her request for relief from the obligation to register. Second, she maintained that the circuit court erred by finding that she still had to register despite her expungement.  We limit our review of the Court of Appeals' decision to the second issue.  M.R.A.P. 17(h).

¶6.    Addressing that issue, the Court of Appeals reversed the circuit court and held that Ferguson no longer had to register as a sex offender.  *Ferguson*, 2018 WL 4572805, at *3–4. It based its reasoning on *Stallworth v. State*, 160 So. 3d 1161 (Miss. 2015), in which the Court held that under Mississippi law a party had no duty to register under the Act when the party's sex-offense conviction had been expunged in a foreign jurisdiction.  *Id. Stallworth*, though, dealt with a foreign sex-offense conviction that also had been expunged in the foreign jurisdiction.  Because Section 45-33-55 exempts sex offenses from the laws of this state or court orders authorizing expunging criminal-history records "to the extent such information is authorized for dissemination under" the Act, we reverse the Court of Appeals' decision and reinstate the ruling of the circuit court.

## ANALYSIS

¶7.    "Expungement is a creature of statute." *Stallworth*, 160 So. 3d at 1168 (Pierce, J., dissenting) (citing *Hentz v. State*, 152 So. 3d 1139, 1140 (Miss. 2014); *Caldwell v. State*, 564 So. 2d 1371, 1373 (Miss. 1990) (recognizing that a court's power to expunge is granted

3

by statute)). Further, "expungement . . . is an act of legislative grace." *Polk v. State*, 150 So. 3d 967, 968 (Miss. 2014) (citing *Caldwell*, 564 So.2d at 1372–73). "No common law right to the expungement of criminal records exists." *Polk v. State*, 150 So. 3d 967, 968 (Miss. 2014) (citing *In re Expungement Application of G.P.B.*, 91 A.3d 648, 649 (N.J. Super. Ct. App. Div. 2014)). "Expungement from official records [of] all records relating to an arrest, indictment, trial, and finding of guilt, in order to restore one to the status occupied prior thereto, is an altruistic objective for the legislative branch to contemplate and prescribe." *Id.* at 970. It is axiomatic that, if expungements are a matter of Legislative grace, then the Legislature can limit their applicability or effect. This is what the Legislature has done in Section 45-33-55.

¶8. Mississippi Code Section 99-19-71(1) provides that "[a]ny person who has been convicted of a misdemeanor that is not a traffic violation, and who is a first offender, may petition the justice, county, circuit or municipal court in which the conviction was had for an order to expunge any such conviction from all public records." Miss. Code. Ann. § 99-19-71(1) (Rev. 2015). As noted above, the validity of Ferguson's expungement is not before us. Nevertheless, the Legislature has exempted sex offenses (other than certain juvenile matters) from orders of expungement to the extent that the information concerning those offenses is authorized for dissemination under the Act.[3] This exemption is codified in

---

[3] Felony sex offenses may not be expunged under Mississippi law. As expungement is a creature of statute, there must be statutory authority for any expungement. Section 99-19-71 does not give any court the authority to expunge any felony sexual offenses. Miss.

4

Section 45-33-55 which reads,

> Except for juvenile criminal history information that has been sealed by order of the court, this chapter exempts sex offenses from laws of this state or court orders authorizing the destroying, expunging, purging or sealing of criminal history records to the extent such information is authorized for dissemination under this chapter.

Miss. Code. Ann. § 45-33-55. The exemption is in line with the Legislature's declaration of purpose for the Act, which reads, in part, "that releasing such information about criminal sex offenders to the general public will further the primary governmental interest of protecting vulnerable populations and, in some instances the public, from potential harm." Miss. Code Ann. § 45-33-21 (Rev. 2015).

¶9.     Given the plain language of this exemption, we find that Ferguson is still under a duty to register under the Act and that the circuit court properly denied her petition for relief. "[S]ex offenses" are exempt "from laws of this state or court orders authorizing the . . . expunging . . . of criminal history records to the extent such information is authorized for dissemination under" the Act. Miss. Code Ann. § 45-35-55 (Rev. 2015). There are other effects of an expungement not exempted under this provision as it is specific in nature. This expungement does not alter the defendant's duty to register under the Act.

¶10.    ***Stallworth*** is distinguishable. In ***Stallworth***, the Court found that "[a]t the moment Stallworth's *Maryland* conviction was expunged [(by a *Maryland* court)], the law provide[d]

---

Code Ann. § 99-19-71. In fact, no statute authorizes the expungement of felony sex offenses.

that he was restored to the status he had occupied before he was convicted, which mean[t] that—in the eyes of the law—he had no conviction." *Stallworth*, 160 So. 3d at 1163 (emphasis added). In this case, though, we are faced with a *Mississippi* sex-offense conviction that was expunged, correctly or not, by a *Mississippi* court.

¶11. After review, we hold that the ***Stallworth*** Court erred in its analysis of Section 45-33-55 when it concluded that Section 45-33-55 "says nothing about an order that expunges a conviction." ***Stallworth***, 160 So. 3d at 1164. Given its plain language, Section 45-33-55 exempts sex offenses from Mississippi laws allowing expungement and Mississippi orders granting expungement "to the extent such information is authorized for dissemination under" the Act. Expungement, though, is a creature of statute, and an order of expungement is governed by the law of its jurisdiction. Thus, Section 45-33-55's exemption applies to orders of expungement granted under Mississippi law. To the extent that ***Stallworth*** held otherwise, it is overruled.

**CONCLUSION**

¶12. Section 45-33-55 exempts sex offenses from Mississippi orders of expungement to the extent that the information is authorized to be disclosed under the Act. Despite Ferguson's expungement, she still has a duty to register under the Act. ***Stallworth*** is distinguishable from this case and is overruled to the extent that it held that Section 45-33-55 has no effect on a Mississippi order of expungement for a Mississippi sex-offense conviction. Thus, we reverse the decision of the Court of Appeals and reinstate the judgment of the

6

circuit court.

**¶13.  THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.  KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE, J. GRIFFIS, J., NOT PARTICIPATING.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶14.  I respectfully dissent from the majority's finding that Mississippi Code Section 45-33-55 exempts Chelsey Ferguson's misdemeanor offense from a valid expungement, contrary to our decision in *Stallworth v. State*, 160 So. 3d 1161 (Miss. 2015). Ferguson, as the Court of Appeals held, was not required to register as a Mississippi sex offender because an expungement returns a person to pre-conviction status and would "'relieve[] [one] from the duty to register . . . [he or she] had before the expungement.'" *Ferguson v. Miss. Dep't of Pub. Safety*, No. 2017-CA-00912-COA, 2018 WL 4572805, at *3 (¶ 11) (Miss. Ct. App. Sept. 25, 2018) (quoting *Stallworth*, 160 So. 3d at 1163). Because Ferguson's expungement under Mississippi Code Section 99-19-71 restored her to the conviction-free status to which she was born, "[this] must eliminate [her] duty to register." *Stallworth*, 160 So. 3d at 1163-64 (¶ 10).

¶15.  In reversing the Court of Appeals, the majority attempts to distinguish *Stallworth*—which concerned the validity of a *Maryland* expungement—by finding that expungement is a creature of statute, that no Mississippi statute provides for expungement

7

of criminal sex offenses, and that Ferguson's offense, under Mississippi law, is statutorily exempted from expungement under Mississippi Code Section 45-33-55.[4] Miss. Code Ann. § 45-33-55 (Rev. 2015) ("Except for juvenile criminal history information that has been sealed by order of the court, this chapter exempts sex offenses from laws of this state or court orders authorizing the destroying, expunging, purging or sealing of criminal history records to the extent such information is authorized for dissemination under this chapter.").

¶16.    With respect to the majority, the distinction that **Stallworth** concerned a Maryland criminal sex-offense expungement, and **Ferguson**, a Mississippi criminal sex-offense expungement, in no way negates the reality that an expungement has occurred. Ferguson's Mississippi expungement is "based in the law of its jurisdiction," as is Section 45-33-55, and this Court previously considered the statute's application to a valid expungement and "[found] no merit in . . . reliance . . . on [it] . . . ."[5] **Stallworth**, 160 So. 3d at 1164 (footnote omitted).

¶17.    I would find that the Court of Appeals correctly applied this Court's holding in

---

[4] The majority finds that the policy of the Mississippi Sex Offenders Registration Law (the Act) is to exempt sex offenses from expungement "to the extent that the information is authorized to be disclosed under the Act." Maj. Op. ¶ 12.

[5] The majority holds that Ferguson is obligated to register under the Act for a Mississippi criminal sex offense by finding that the Legislature has placed this statute as an exception to the expungement of criminal sex offense records. Maj. Op. ¶¶ 7-9. But "[t]his statute says nothing about an order that expunges a conviction." **Stallworth**, 160 So. 3d at 1164 (¶ 12). To the contrary, "it speaks to laws and orders affecting the maintenance of criminal history records," and we should "decline to stretch this document-management, record-keeping statute beyond its provisions." **Id.**

*Stallworth* regarding Ferguson's expungement—the sufficiency of which the majority does not address other than to acknowledge its successful execution.[6] The expungement places her, for registration purposes, in the same position she enjoyed before her misdemeanor conviction. *Stallworth*, 160 So. 3d at 1163 (¶ 6) ("At the moment . . . [the] conviction was expunged, the law provides that [s]he was restored to the status [s]he had occupied before [s]he was convicted . . . ."). In that status, she does not have a duty to register because—in the eyes of the law—she has no conviction to register. *Id.* ("So if we are to follow the law and recognize that [Ferguson] has been returned to that status, then we must find that [s]he has no present duty to register as a sex offender."). Thus, we should affirm the decision of the Court of Appeals and hold that Ferguson was not obligated to register as a sex offender after the expungement of her misdemeanor offense.

**ISHEE, J., JOINS THIS OPINION.**

---

[6]Statutory authority for Ferguson's expungement exists inasmuch as the Legislature authorizes expungement of misdemeanor offenses, and the Legislature has included or excluded other specific or categorical offenses from expungement. *See* Miss. Code. Ann. § 99-19-71 (Rev. 2014).